# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4565 | **DATE** | 8/13/2010 |
| **CASE TITLE** | Equipment Acquisition Resources, Inc. Vs. United States of America IRS | | |

**DOCKET ENTRY TEXT**

Defendant's motion to withdraw reference [1] is denied and Plaintiff's motion to remand [3] is granted.  The Clerk of Court is directed to remand the case to the United States Bankruptcy Court for the Northern District of Illinois.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Defendant/Counter-Plaintiff United States of America ("United States") moves the Court to withdraw the reference of this adversary proceeding from the United States Bankruptcy Court for the Northern District of Illinois pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15.  In response, Plaintiff Equipment Acquisition Resources ("EAR") opposes withdrawal and requests the Court to remand the case the bankruptcy court. For the following reasons, the Court denies the United States' motion and grants EAR's motion.

### BACKGROUND

     On October 23, 2009, EAR filed a voluntary petition for Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of Illinois, Case No. 09-39937, *In re Equipment Acquisition Resources*. Because EAR is a debtor in possession, it must commence and prosecute claims and causes of action for the benefit of its bankruptcy estate and creditors.  On January 20, 2010, EAR, as debtor-in possession, filed this adversary proceeding against the United States.  In its complaint EAR alleges, *inter alia*, that: (1) the United States is the recipient of fraudulently transferred corporate funds used to pay the income tax liabilities of EAR's shareholders, and (2) EAR's bankruptcy estate is entitled to avoid and recover those transfers from the United States. In its answer, the United States denied liability on various grounds and it also filed a third-party complaint seeking restitution from the shareholders of EAR and their spouses: Mark W. Anstett, Martha J. Anstett, Sheldon G. Player, and Donna L. Malone.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Even though 28 U.S.C. § 1334 vests federal district courts with original jurisdiction over cases arising out of Title 11 of the Bankruptcy Code, bankruptcy cases are automatically referred to bankruptcy judges for the federal district under 28 U.S.C. § 157(a). *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 184-85 (N.D. Ill. 1997). Under the Bankruptcy Code, Congress intended for bankruptcy judges to determine complex Title 11 issues to the "greatest extent possible." *In re Alpern*, 191 B.R. 107, 110 (N.D. Ill. 1995) (citation omitted). *See also Xonics v. First Wisconsin Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987) ("bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets"). District judges, however, may withdraw certain matters that were automatically referred to the bankruptcy court and render the decisions themselves. *In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003).

The standard for withdrawal of the reference from a bankruptcy court is outlined in 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Courts have interpreted the first sentence of Section 157(d) as allowing permissive withdrawal "for cause shown" and the second sentence as requiring mandatory withdrawal under certain circumstances. *In re Vicars Ins. Agency, Inc.*, 96 F.3d at 952. The Court has broad discretion in determining whether to grant or deny a motion to withdraw the reference based on cause. *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992); *see also In re Enron Corp.*, 295 B.R. 21, 25 (S.D.N.Y. 2003).

The Court considers the following factors when determining whether the United States has met its burden in establishing that cause for withdrawal exists: (i) whether the proceeding is core or non-core, (ii) considerations of judicial economy and convenience, (iii) promoting the uniformity and efficiency of bankruptcy administration, (iv) forum shopping and confusion, (v) conservation of debtor and creditor resources, and (vi) whether the parties requested a jury trial. *Maxwell v. Kemp (In re Beale)*, 410 B.R. 613, 616 (N.D. Ill. 2009) (citing *Grochocinski v. LaSalle Bank Nat'l Assoc. (In re: K & R Express Sys.)*, 382 B.R. 443, 446 (N.D. Ill. 2007) (citation omitted)); *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 185, 187; *Edgewater Med. Ctr. v. Edgewater Prop. Co. (In re Edgewater Med. Ctr.)*, 2004 WL 2921957, 2004 U.S. Dist. LEXIS 25346, *1-*5 (N.D. Ill. Dec. 14, 2004). "While the court evaluates each of the cited factors, it is axiomatic that the most important factor is whether the claim is core or non-core because it is on this issue that questions of efficiency and uniformity will turn." *Official Committee of Unsecured Creditors of Neumann Homes, Inc. v. Neumann (In re Neumann Homes, Inc.)*, 414 B.R. 383, 386 (N.D. Ill. 2009); *see also In re Conseco Fin. Corp.*, 324 B.R. 50, 53 (N.D. Ill. 2005).

## ANALYSIS

The United States has not met its burden to demonstrate that withdrawal is appropriate in this context. As an initial matter, the United States contends that "mandatory withdrawal may apply here." (R. 1, United States' Mot., p. 10.) The United States conclusorily asserts that "arguably" regulation of activities affecting interstate commerce is at issue in the present case, but provides little argument or evidence to support this contention. Significantly, the United States has not identified any supporting legal authority to demonstrate that "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" as is required in cases of mandatory withdrawal. *See* 28 U.S.C. § 157(d). Accordingly, the United States has failed to demonstrate that mandatory withdrawal is appropriate in this context.

The parties devote the majority of their briefing to discussion of permissive withdrawal. The United

States contends that permissive withdrawal is appropriate to enhance judicial economy and efficiency "given the potential jurisdictional hurdle to filing claims against [the third-party defendants [in the adversary proceeding] in Bankruptcy Court." (R. 1, United States' Mot., p. 8.) After EAR filed this adversary proceeding, the United States filed a third-party complaint against the shareholders and their spouses: Mark W. Anstett, Martha J. Anstett, Sheldon G. Player, and Donna L. Malone. Subsequent to the filing of the third-party complaint, counsel for the Anstetts informed the United States that he did not believe the bankruptcy court had jurisdiction over his clients. After this communication, on July 16, 2010, the United States filed a separate action in district court, Case No. 1:10-cv-04445, pending before Judge Darrah against Sheldon G. Player, Donna L. Malone and, Martha J. Anstett.[1] In its motion, the United States indicates that it may "possibly" seek to consolidate this adversary proceeding, if withdrawn, with the case proceeding before Judge Darrah. Significantly, however, the United States does not address the merits of the potential jurisdictional arguments raised by the third-party defendants' counsel, nor does it indicate a firm intention to consolidate the cases if the Court withdraws the reference from the bankruptcy court. While it is clear that the claims in the three cases are interrelated and it may be more efficient for these claims to be litigated before one court, given that the third-party defendants have not moved to dismiss for lack of subject matter jurisdiction in the adversary proceeding, the United States has not addressed the strength of the third-party defendants' jurisdictional arguments, and the United States has not confirmed that it would seek to consolidate the two related matters pending in the district court, the United States has not conclusively demonstrated that withdrawal of the reference would enhance judicial economy and efficiency.

Moreover, even if the United States could demonstrate that withdrawal would benefit judicial economy and efficiency, the United States has still failed to meet its burden to demonstrate that permissive withdrawal is appropriate in these circumstances. "[P]ermissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *Maxwell v. Kemp (In re Beale)*, 410 B.R. at 616 (*quoting Elscint, Inc. v. First Wis. Fin. Corp. (In re: Xonics)*, 813 F.2d 127, 131 (7th Cir. 1987)). Significantly, the United States concedes that the adversary proceeding involves core matters, the "most important" factor in the analysis under a 28 U.S.C. § 157(d) withdrawal analysis. *Official Committee of Unsecured Creditors of Neumann Homes, Inc. v. Neumann (In re Neumann Homes, Inc.)*, 414 B.R. at 386 (N.D. Ill. 2009); *In re Conseco Fin. Corp.*, 324 B.R. at 53 (N.D. Ill. 2005). Moreover, while the Court recognizes that the United States filed its motion to withdraw soon after learning of the potential jurisdictional hurdle in the bankruptcy court, discovery with regard to the adversary proceeding, including discovery relating to the third-party action, is already proceeding in the bankruptcy court. Moreover, the bankruptcy court has set a preliminary pre-trial conference hearing for the adversary proceeding for August 31, 2010. (R. 3-4, 6/7/2010 Order.)

In sum, the United States has failed to meet its burden to establish that the reference should be withdrawn. Because the Court concludes that withdrawal of the reference at this stage of the proceedings is not warranted, the Court, in its discretion, denies the United States' motion to withdraw the reference without prejudice and grants EAR's motion to remand the case to the United States Bankruptcy Court for the Northern District of Illinois. *See, e.g., Edgewater Med. Ctr. v. Edgewater Prop. Co. (In re Edgewater Med. Ctr.)*, 2004 WL 2921957, 2004 U.S. Dist. LEXIS 25346 (N.D. Ill. Dec. 14, 2004).

## CONCLUSION

For the foregoing reasons the Court denies the United States' motion to withdraw the reference without prejudice and grants EAR's motion to remand the case to the United States Bankruptcy Court for the Northern District of Illinois.

---

[1] Mark W. Anstett, the fourth third-party defendant named in the adversary proceeding, filed a voluntary petition for Chapter 7 bankruptcy on June 7, 2010 which prevented the United States from naming him in the action proceeding before Judge Darrah.